**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **EUGENE MARLIN,** | : | |
| | : | |
| **Petitioner,** | : | |
| **VS.** | : | |
| | : | **NO. 7:15-CV-00110-HL-TQL** |
| **Warden EDWARD PHILBIN,** | : | |
| | : | |
| **Respondent.** | : | |
| _____ | : | |

## <u>ORDER</u>

*Pro se* Petitioner Eugene Marlin, who is incarcerated at the Autry State Prison in Pelham, Georgia, filed an application for federal habeas corpus relief under 28 U.S.C. § 2254 challenging his July 11, 2002 conviction in the Tift County Superior Court. Although Petitioner has failed to either pay a motion to proceed without prepayment of the filing fee, the Court will permit the Petitioner to proceed *in forma pauperis* **for purposes of dismissal only.**

Under the rules governing habeas corpus actions, district courts are required to promptly examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" *See* 28 U.S.C. § 2254 Rule 4; *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also* 28 U.S.C. § 2243.  It is plain on the face of the present application that Petitioner is not now entitled to relief in this Court because the second or successive petition rule mandates dismissal of this action.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")," "[b]efore a second

or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999) *cert. denied*, 528 U.S. 1085 (2000). It is clear that Petitioner has already filed a § 2254 habeas action in this Court challenging the same 2002 conviction for armed robbery that Petitioner is challenging in the instant Petition.[1] (*See* Pet. Writ Habeas Corpus 1, ECF No. 1 in *Marlin v. Roberts*, No. 7:07-CV-00170-HL-TQL (M.D. Ga. Oct. 5, 2007) (the "2007 Petition").) The 2007 Petition was dismissed after the Court reviewed it on the merits. (*See* Order & Rec. 1, ECF No. 27 in *Marlin v. Roberts*, No. 7:07-CV-00170-HL-TQL (M.D. Ga. Feb. 22, 2011); Order Dism. Pet., ECF No. 30 in *Marlin v. Roberts*, No. 7:07-CV-00170-HL-TQL (M.D. Ga. Mar. 11, 2011).) It appears Petitioner has also filed at least two applications for leave to file a second or successive habeas petition; both have been denied by the Eleventh Circuit. *See In re Eugene Marlin*, Case No. 14-15658 (11th Cir. Jan. 13, 2015); *In re Eugene Marlin*, Case No. 13-14077-D (11th Cir. Sept. 24, 2013). It does not appear, nor does Petitioner allege, that he has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this Court to consider a second or successive habeas petition. Without such an order, the Court lacks jurisdiction to consider the successive claims. *See* 28 U.S.C. § 2244(b)(3)(A); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam).

---

[1] Petitioner is serving a life sentence for this conviction. (Pet. Writ Habeas Corpus 1, June 17, 2015, ECF No. 1.)

For this reason, it is **ORDERED** that any claims in the present petition directly challenging Petitioner's 2002 conviction be **DISMISSED** without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3).  The Clerk is **DIRECTED** to furnish Petitioner with the application form required by the Eleventh Circuit for leave to file a successive habeas petition.  Because the Court lacks jurisdiction to entertain Petitioner's petition, Petitioner's motion to appoint counsel (ECF No. 4) is **DENIED** as moot.

Petitioner also has no absolute entitlement to appeal this dismissal.  Before he may appeal, the district court must first issue a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a).  When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Because it is clear on the face of this application that Petitioner has sought leave to file a second or successive petition after being denied leave to do so by the Eleventh Circuit Court of Appeals, reasonable jurists could not find that a dismissal of the instant action was debatable or wrong.  Petitioner is accordingly **DENIED** a COA.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

3

**SO ORDERED**, this 25th day of August, 2015.


*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE